MILLER, APPELLEE, v. WOOLLEY, APPELLANT.

(No. 7203—Decided January 23, 1950.)

*Mr. David L. Shannon,* for appellee.
*Messrs. Steer, Strauss & Adair,* for appellant.

BY THE COURT. This is an appeal on questions of law and fact from a decree of the Court of Common Pleas, dismissing both the petition and the cross-petition filed in the action. In each pleading, specific performance of an identical contract of sale of real estate is sought.

The contract was preceded by the tender of an offer prepared by the agent of the *plaintiff-seller* and signed by the defendant-purchaser and the delivery of a cognovit note to the plaintiff-seller, later replaced by a check of the defendant-purchaser, which the plaintiff-seller caused to be certified and paid to her. Such check represented the initial payment on the purchase price.

The anomalous situation presented by the prayers of both the petition and cross-petition results from the fact that the plaintiff claims that, although the contract by its terms called for a deed of a certain acreage, through inadvertence on the part of the plaintiff she failed to except out of such acreage .72 of an acre, which she owned and intended to retain. Other exceptions to such total acreage were noted in the contract of sale.

The defendant states he intended to buy the entire acreage mentioned in the contract, with only the exceptions noted therein.

No attempt has been made by plaintiff to reform the contract and it is at least doubtful, if not certain, that such an attempt would be futile in view of the evidence which was introduced only for the purpose of showing mistake on the part of the plaintiff.

The real defense of the plaintiff to the cross-petition of the defendant-purchaser is that there was no meeting of the minds, owing to plaintiff's intention to include in the contract an additional exception, which, through inadvertence, she failed to state.

The contract as in evidence clearly calls for the conveyance of the area which defendant claims he purchased. There is no dispute upon this point. Such area consisted of a rectangular tract, from which four lots had been deeded to three purchasers. These lots were in the northeast corner of the tract. Adjacent to these lots, on the west, was a narrow strip connecting the southern portion of the tract with the highway. Immediately to the west of such strip was a lot in the northwest corner of the tract, which plaintiff asserts she intended to exclude and except from the conveyance to defendant, but which, owing to the absence of such exception, the defendant claims was included in the contract of sale.

There was some evidence offered, over the objection of the defendant, which plaintiff claims indicates that the defendant knew that the lot in dispute was excluded. Such evidence has generally been held to be inadmissible. See 17 Ohio Jurisprudence, 517, Section 418. See, also, *Schmidt* v. *Weston,* 150 Ohio St., 293, 82 N. E. (2d), 284. Even were such evidence admissible, it is not of such a character as to weigh strongly in favor of the contentions of the plaintiff.

On the other hand, there is evidence which seems conclusive to the contrary. One of the considerations mentioned in the contract for the sale of the premises was that the defendant-purchaser would assume a mortgage upon this entire tract, with certain parcels excepted from the operation of such mortgage. The language used in the contract is, "to assume first mortgage with Allemania Building & Loan Association in the sum of eleven thousand nine hundred dollars at 5 per cent interest to be paid in accordance with building and loan agreement."

It is to be remembered that the parcel in dispute had never been conveyed to anyone and was still in the name of the plaintiff-seller.

In the bill of exceptions, the following appears:

"Mr. Adair: It is stipulated by counsel that the mortgage appearing in mortgage book 2170, page 457, Hamilton county, Ohio mortgage records, being a mortgage from Eva M. Miller to the Allemania Building & Loan Association No. 2, is the mortgage referred to in the contract between the parties to this action, and that the description of the property in said mortgage covers all of the property now belonging to Eva M. Miller, to wit, 4.9 acres—

"Mr. Shannon: No, I won't stipulate that it covers that property. I will stipulate on behalf of the plaintiff that the mortgage in mortgage book 2170, page 457, is a photostatic copy of the original mortgage from Eva M. Miller to the Allemania Building & Loan Association, to secure a loan in the sum of $17,250 and that the property described therein is the 6.879 acres which was originally conveyed to the plaintiff by Mr. Hardinger.

"Mr. Adair: That is as much as you will stipulate.
"Mr. Shannon: Yes.
"Mr. Adair: I understand that is all you will stipu-

late? I thought you would stipulate that the property covered by this mortgage was 4.9 acres; but if the court please, since Mr. Shannon will not stipulate, I will have to ask your Honor's indulgence to get a representative from the recorder's office.

"The Court: Is there any question, Mr. Shannon, that when the plaintiff sold these four parcels to three purchasers, that the mortgage as to those was taken care of?

"Mr. Shannon: I don't know. I think so, but the release book is here, and the releases can be shown.

"The Court: It is a very simple matter. The eleven-thousand-dollar balance due the building association covered all the property which the plaintiff then owned, which had been a part of the original grant from her grantors.

"Mr. Shannon: Upon inquiry, I have learned that the three releases were placed of record, and the balance due the building association at the time this contract was signed, did cover the property which we commonly now call the 4.181 *and the .72 acre plat.*

"The Court: That was all the land she owned out of the original grant?

"Mr. Shannon: That is correct." (Emphasis added.)

Now it is apparent, therefore, that the mortgage included the disputed parcel. In other words, the defendant was assuming to pay a mortgage on premises to which, according to the plaintiff, he was to receive no deed.

In the exceptions to the warranty clause in the deed tendered by the plaintiff there appears the following in a typewritten insertion:

"* * * except taxes and assessments due and payable in June, 1950, and thereafter, and a mortgage in favor of the Allemania Loan & Building Association, re-

corded in mortgage book 2170, page 457, Hamilton county mortgage records, all of which the grantees herein assume and agree to pay."

It seems strange that if the plaintiff is correct in her claim of inadvertence that she should expect the defendant to assume a mortgage on property to which he was not to receive title and that, after mature consideration, no exception was made from the assumption in the mortgage.

It is the conclusion of the court that the weight of the evidence fails to sustain the contention of the plaintiff that there was no meeting of the minds; and that, therefore, the defendant-purchaser is entitled to a decree of specific performance of the contract as executed by the parties.

*Judgment accordingly.*

Ross, P. J., Hildebrant and Matthews, JJ., concur.